# Exhibit F

To Affirmation in Support of Motion for Entry of Judgment

Maintenance Asset Management's Response to Request for Admission No. 30

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------ X
Penn-Star Insurance Company,                              :

        Plaintiff and Counterclaim-Defendant,   :

   -against-                                             :

Maintenance Asset Management Inc., Daniel McElhatton and Declan McElhatton,   :

        Defendants and Counterclaim-Plaintiffs.   :
------------------------------------ X

CASE NO. CV-17-5047 (NGG)

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR ADMISSIONS, SET 1**

    Defendants and Counterclaim-Plaintiffs Maintenance Asset Management Inc., Daniel McElhatton and Declan McElhatton ("Defendants"), by and through their attorneys, hereby provide the following responses and objections to Plaintiff and Counterclaim-Defendant Penn-Star Insurance Company's ("Penn-Star") Requests for Admissions, Set 1 ("Request" or "Requests").

**General Responses and Objections**

    1.    Defendants object to each and every Request to the extent that the information sought is privileged and is not discoverable under the Federal Rules of Civil Procedure and/or any other applicable privilege, protection or immunity from discovery recognized by case law, statutes and regulations.

    2.    Defendants object to each and every Request to the extent that the information sought, if any, is protected from discovery by the attorney-client privilege, work product doctrine or any other applicable privilege or immunity from disclosure.  To the extent that a request may be construed as seeking such privileged or protected information, Defendants hereby claim such privilege and invoke such protection.  The fact that Defendants do not specifically object to an

2

individual Request on the ground that it seeks such privileged or protected information shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

3. Defendants object to each and every Request to the extent that it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure and any applicable case management order.

4. Defendants object to each and every Request to the extent that it seeks to impose a burden of providing information that is not in Defendants' possession, custody or control.

5. Defendants object to each and every Request to the extent it is overly broad, unduly burdensome, or seeks information not relevant to any party's claims or defenses or not proportional to the needs of the case.

6. No incidental or implied admissions are intended by these responses.  The fact that Defendants have objected to any portion of these Requests should not be taken as an admission that Defendants accept or admit the existence of any facts set out or assumed by these Requests, or that such response or objection constitutes admissible evidence.

7. Defendants have not yet completed discovery or investigation of the events underlying this litigation.  Because Defendants' ongoing investigation may disclose the existence of additional information, Defendants' responses are without prejudice to its rights to utilize, produce or introduce information or documentation at trial or any other proceeding which is inadvertently omitted, not yet known, or not yet ascertained, discovered, identified, or located by Defendants while responding to these Requests.  Without obligating themselves to do so, Defendants hereby reserve the right to supplement, amend, or modify their responses herein.

LEGAL139581724.1

8. The responses herein have been prepared pursuant to a reasonable and duly diligent investigation and search for the information provided. To the extent Penn-Star purports that its Requests require anything more, Defendants object on the grounds that further compliance with the Requests would impose an undue burden, expense and intrusiveness, clearly outweighing the likelihood that the information sought would lead to the discovery of admissible evidence.

9. These responses are made solely for the purpose of this action. By providing information in response to any Request, Defendants do not admit to its relevance or admissibility at trial. Each response is subject to all appropriate objections including, without limitation, objections concerning competence, relevance, materiality, propriety, and admissibility, which would require the exclusion of the responses if such responses were to be introduced at any proceeding or trial of this matter, all of which objections and grounds are reserved and may be interposed at the time of such proceeding or trial.

10. Defendants object to the phrases that refer to an application "for" Maintenance Asset Management, or "Maintenance Asset Management's application" as ambiguous.

11. Defendants object to the incorrect spelling of Maintenance Asset Management, Inc. throughout these Requests, but respond as if the name were spelled correctly if the Request is otherwise intelligible.

12. Each of Defendants' objections is incorporated by reference in each answer contained herein, as if fully set forth, regardless of whether any or all of these objections are repeated in response to any specific Request. No objections are waived by responding to any request in whole or in part. Any response provided herein is subject to and limited by all general objections stated herein.

"Avenue" is not part of the correct address, but admit that Maintenance Asset Management received mail with that incorrect address.

**REQUEST NO. 29:**

Admit that on or about June 15, 2017 Maintenance Asset Managemeent [sic] Inc. received a copy of the Premium Audit letter, a true and correct copy of which is attached as Exhibit P-9.

**RESPONSE TO REQUEST NO. 29:**

Subject to the General Objections, Defendants respond as follows:

Admitted.

**REQUEST NO. 30:**

Admit that Maintenance Asset Managemeent [sic] Inc. never supplied any information to Penn-Star or Afirm to comply with the premium audit pertaining to Penn-Star's Policy.

**RESPONSE TO REQUEST NO. 30:**

Subject to the General Objections, Defendants respond as follows:

Admitted.

**REQUEST NO. 31**

Admit that Exhibit P-10, Bates labeled PS000654 to PS000659, except for the Bates labels and the Exhibit identification information, is a true and correct copy of a quotation from Utica First Insurance Company for an insurance policy issued to McElahtton [sic] Mechanical, Inc. to be effective from February 12, 2013 to February 12, 2014.

**RESPONSE TO REQUEST NO. 31:**

Subject to the General Objections, Defendants respond as follows:

Denied.

**REQUEST NO. 69:**

Admit that Maintenance Asset Managemeent [sic] Inc.'s gross receipts during the May 5, 2015 to May 5, 2016 term of the Western Heritage Policy exceeded $1 million.

**RESPONSE TO REQUEST NO. 69:**

Subject to the General Objections, Defendants respond as follows:

Admitted.

**REQUEST NO. 70:**

Admit that Maintenance Asset Managemeent [sic] Inc.'s gross receipts during the May 5, 2016 to May 5, 2017 term of the Penn-Star Policy exceeded $1 million.

**RESPONSE TO REQUEST NO. 70:**

Subject to the General Objections, Defendants respond as follows:

Admitted.

Dated: May 29, 2018

By: /s/ *Michael T. Sharkey*
Perkins Coie LLP
Jeffrey D. Vanacore
30 Rockefeller Plaza, 22nd Floor
New York, New York 10112-0085
Phone: (212) 262-6912
Fax: (212) 977-1642
JVanacore@perkinscoie.com

Selena J. Linde (admitted *pro hac vice*)
Michael T. Sharkey (admitted *pro hac vice*)
700 13th Street, NW, Suite 600
Washington, DC 20005
Phone: (202) 654-6200
Fax: (202) 654-6211
SLinde@perkinscoie.com
MSharkey@perkinscoie.com

*Attorneys for Defendants Maintenance Asset Management Inc. and Declan McElhatton*